IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No.:

EXUSIA, INC., a Delaware Corporation

     Plaintiff,

v.

GANESH GORAKH DAREKAR, an individual

     Defendant.

_____/

### VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Exusia, Inc. ("Exusia") hereby alleges the following Verified Complaint for Injunctive and Other Relief (the "Complaint") against Defendant Ganesh Gorakh Darekar ("Darekar") as follows:

### JURISDICTION AND VENUE

1.    This Court has federal jurisdiction over this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332 because that matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.    Venue is proper in this Court because the employment agreement (the "Employment Agreement") entered into by the parties contains a venue selection provision in favor of Federal district court located in Miami-Dade County, and because part of the events giving rise to the Plaintiff's claims occurred in this judicial district.

3.    This Court has personal jurisdiction over Defendant because the parties agreed to submit to personal jurisdiction of this Court in the Employment Agreement.

139036978.1

## THE PARTIES

4. Exusia is a corporation organized under the laws of Delaware with a principal place of business located in Miami-Dade County, Florida.

5. Darekar is a citizen of the country of India who currently resides in the United States in Grayslake, Illinois.

## FACTUAL ALLEGATION COMMON TO ALL CAUSES OF ACTION

6. Plaintiff re-alleges and incorporates, by reference, each and every allegation contained in the preceding paragraphs as though fully set forth herein.

7. In January 2014, Exusia began employing Darekar at one of Exusia's locations in India.

8. Darekar was promoted several times and had a consistent and reliable track record with Exusia.

9. In 2021, Exusia and Darekar engaged in negotiations regarding Darekar's transfer from India to an Exusia location in the United States, ultimately in the state of Illinois.

10. Darekar discussed his strong desire to relocate with his spouse to the United States and for both he and his spouse to be eligible to work upon relocation.

11. Negotiations lasted several months because of the complexity and efforts needed to conform Darekar's potential position to requirements under United States Department of Labor standards.

12. Exusia discussed Darekar's placement with business clients, particularly United Healthcare, and ultimately, BlueCross BlueShield and FedEx, to ensure that clients would have proper notice of the background, skills, and competencies of the employees staffed on their projects.

139036978.1

13. Exusia and Darekar agreed that Darekar would work on high value matters with Exusia's most significant United States based business clients.

14. After negotiations, Exusia agreed to and Darekar understood that Exusia would be required to file a labor condition application (the "LCA"), explaining his salary, his objectives, and his duties in the position.

15. Exusia further agreed to pay all costs associated with LCA on Darekar's behalf.

16. Exusia's LCA was approved and it submitted an application, known as the H-1B, petition to complete required immigration paperwork.

17. Exusia certified that it met each of the six condition precedents to be approved for a H-1B petition.

18. Exusia certified that it would pay the higher of the actual wage it would pay to other individuals with similar experience, or pay the prevailing wage level for the position in the metropolitan statistical area of employment for Darekar. Exusia also certified it met all notification and posting requirements and that there was no strike or lockout involving Darekar's potential position.

19. Exusia further certified that it would pay all reasonable costs of transportation for Darekar's return to his home country, India, if Exusia terminated him prior to the end of the authorized employment period.

20. On or about April 22, 2022, Exusia sent Darekar a letter (the "Offer Letter") and a proposed employment agreement that provided for Darekar to work for Exusia in the position of Director in the United States. A true and correct copy of the Offer Letter is attached as **Exhibit 1** (ECF No. 1-1).

139036978.1

21. Pursuant to the Offer Letter, Darekar was hired to handle financial, insurance, healthcare, logistics, and high technology projects.

22. On or about April 22, 2022, Darekar executed the proposed employment agreement (the "Employment Agreement"). A true and correct copy of the Employment Agreement is attached as **Exhibit 2** (ECF No. 1-2).

23. Exusia flew Darekar to the United States at Exusia's cost and Darekar began his employment with Exusia in the United States on or around June 1, 2022.

24. The Employment Agreement contains a Post-Employment Covenant Not to Compete, a Termination by Employee clause, and a Repayment for costs incurred obligation.

**Darekar's Notice of Termination Obligation**

25. Section 4.3 of the Employment Agreement provides in pertinent part: "[Darekar] may terminate employment with Company at any time, provided that Darekar has given [Exusia] ninety (90) days' prior written notice."

26. On October 1, 2022, Darekar submitted written notice of his resignation ("Resignation Notice") from his position as Director within Exusia, a copy of the Resignation Notice is attached as **Exhibit 3** (ECF No. 1-3).

27. The Resignation Notice states that his position with Exusia will terminate on October 5, 2022, far less than the 90 days' notice required by Section 4.3 of the Employment Agreement.

28. The Resignation Notice was abrupt to allow Darekar to begin a new position.

29. In order to satisfy U.S. immigration disclosure requirements in connection with new employment in October 2022, Darekar must have been engaged in negotiations with the new employer before or contemporaneously with his execution of the Employment Agreement with Exusia.

30. On October 4, 2022, Exusia reminded Darekar of his duties and obligations under the Employment Agreement in a cease and desist letter ("Cease and Desist Letter") addressed to him, a copy of which is attached as **Exhibit 4** (ECF No. 1-4).

31. On October 5, 2022, Darekar left his position at Exusia.

32. Darekar did not provide ninety days' notice required by the Employment Agreement.

33. Darekar failed to respond to the Cease and Desist Letter.

### Darekar's Non-Compete Obligations

34. The Post-Employment Covenant Not to Compete (the "Non-Compete Covenant"), provides that for a period of 24 months after the termination of his employment with Exusia, Darekar is prohibited from:

> (a) directly or indirectly, in any manner, whether for Employee's own account, or as an owner, operator, officer, director, partner, manager, member, employee, agent, contractor, consultant or otherwise, without the prior written consent of Company, work or otherwise provide services for any of the following:
>
> i. Any client or subcontractor with whom Company had an active engagement at the time of Employee's termination of employment or during the six (6) months prior; or
> ii. Any client or subcontractor with whom Company was, at the time of Employee's termination of employment, in active proposal or procurement discussions; or
>
> iii. Any client or subcontractor that Company, at the time of Employee's termination of employment, was actively preparing to solicit for business within the next six (6) months, provided Employee knew or had reason to know of such preparations.
>
> *See* Section 7.2, Employment Agreement, (ECF No. 1-2).

35. The Non-Compete Covenant is a restrictive covenant enforceable pursuant to Section 542.335, Florida Statutes.

139036978.1

36. The Non-Compete Covenant seeks to protect legitimate business interests of Exusia, including its trade secrets as defined by the Employment Agreement and Section 688.002, Florida Statutes, its substantial relationships and good will associated with specific clients, extraordinary and specialized training provided to Darekar, the expenses associated with relocating Darekar from India, and other valuable confidential business and professional information.

37. Darekar is in breach or imminently intends to breach the Non-Compete Covenant.

38. Specifically, Darekar represented to another Exusia employee that he intended to resign from Exusia in order to work for a client (of Exusia).

39. Darekar has engaged in, or is currently seeking and intending to engage in, activities that violate the Non-Compete Covenant. This includes, but is not limited to, Darekar accepting a position with "a client" of Exusia to provides services to the client that are competitive with Exusia's services.

### Darekar's Repayment Obligations

40. Additionally, pursuant to Section 11.9 of the Employment Agreement (ECF No. 1-2), Darekar agreed that should he voluntarily terminate his employment within thirty-six (36) months of starting, or if he was found in violation of Section 4 or Section 7, he would promptly repay all legally recoverable legal fees, relocation expenses, sign-on bonuses, personal travel expenses, immigration practice costs, lodging, and onboarding expenses in the amount of thirty percent (30%) of his Base Salary.

41. Pursuant to the Employment Agreement, Exusia agreed to pay Darekar a total of $120,000.00 annually ("Cash Compensation").

42. Darekar's Cash Compensation included a portion that was fifteen percent (15%) of the annual pay of $120,000.00 disbursed each quarter for meeting 500 billable hours during the quarter ("Variable Salary").

6

43. All conditions precedent to the institution of this action, if any, have occurred, been performed, or been waived.

44. Exusia has retained the undersigned law firm to represent it in this action and has agreed to pay it a reasonable fee.

## COUNT I – BREACH OF CONTRACT

45. Exusia realleges the allegations contained in Paragraphs 1 through 44 herein.

46. The Employment Agreement is a valid and enforceable contract between Exusia and Darekar.

47. Darekar has breached the Employment Agreement by:

   (a) providing less than the required ninety days' notice of voluntary termination to Exusia, in violation of Section 4.3;

   (b) seeking employment with one of Exusia's clients, in violation of Section 7.2; and

   (c) failing to repay Exusia the amounts it is owed pursuant to Section 11.9.

48. As a result of Darekar's breaches of the Employment Agreement, Exusia has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, Exusia, Inc. respectfully requests entry of a judgment: (i) awarding payment of money damages, costs, and prejudgment interest against Ganesh Gorakh Darekar and in favor of Exusia, Inc.; (ii) awarding Exusia, Inc. its costs and attorneys' fees pursuant to the Employment Agreement and Florida Statute § 542.335; and (iii) awarding such further relief as the Court deems just and proper.

## COUNT II – INJUNCTIVE RELIEF

49. Exusia realleges the allegations contained in Paragraphs 1 through 44 herein.

139036978.1

50. The Employment Agreement, entered into by Darekar, is a legally enforceable, binding contract.

51. Darekar materially breached the Employment Agreement by seeking and accepting employment with one of Exusia's clients, in violation of the Non-Compete Covenant set forth in Section 7.2 of the Employment Agreement.

52. Exusia will suffer immediate and irreparable harm in the absence of an injunction that cannot be adequately compensated by damages.

53. The actions sought to be restrained are actionable and Exusia has a clear right to relief.

54. The issuance of an injunction will restore the parties to their status as it existed prior to Darekar's wrongful conduct as described herein.

WHEREFORE, Plaintiff, Exusia, Inc. respectfully requests entry of a judgment: (i) prohibiting Ganesh Gorakh Darekar from violating the Employment Agreement by accepting and performing employment with one of Exusia's clients; (ii) awarding Exusia, Inc. its costs and attorneys' fees pursuant to the Employment Agreement and Florida Statute § 542.335; and (iii) awarding such further relief as the Court deems just and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY

55. Exusia realleges the allegations contained in Paragraphs 1 through 44 herein.

56. As a Director, Darekar was entrusted with confidential information and was expected to follow employee policies.

57. Under Florida law, because of his Non-Compete Covenant and position as Director, Darekar owed a fiduciary duty to Exusia.

139036978.1

58. Darekar breached his fiduciary duty owed to Exusia by accepting employment with an Exusia client to act as a competitor.

59. Such action constitutes a breach of Darekar's fiduciary duty.

WHEREFORE, Plaintiff, Exusia, Inc. respectfully requests entry of a judgment awarding payment of money damages, costs, and prejudgment interest against Ganesh Gorakh Darekar and in favor of Exusia, Inc. and awarding such further relief as the Court deems just and proper.

### COUNT IV – FRAUD IN THE INDUCEMENT

60. Exusia realleges the allegations contained in Paragraphs 1 through 44 herein.

61. Darekar made representations to Exusia that he wanted to work for Exusia according to the terms of the Employment Agreement on the condition that Exusia would assist in relocating him to the United States.

62. The representations made by Darekar were false at the time that Darekar made them.

63. Darekar knew or had reason to know, when he made the representations, that his statements were false and that he intended to take other employment as soon as possible after obtaining residency in the United States at Exusia's expense.

64. Darekar made the false statements in order to induce Exusia to enter into the Employment Agreement and expend time and resources relocating him to the United States.

65. Exusia reasonably relied upon the assurances of Darekar and acted on his representations when it entered into the Employment Agreement and expended time and resources relocating Darekar to the United States.

9

WHEREFORE, Plaintiff, Exusia, Inc. respectfully requests entry of a judgment awarding payment of money damages, costs, and prejudgment interest against Ganesh Gorakh Darekar and in favor of Exusia, Inc. and awarding such further relief as the Court deems just and proper.

## COUNT V - NEGLIGENT MISREPRESENTATION

66. Exusia realleges the allegations contained in Paragraphs 1 through 44 herein.

67. Darekar made misrepresentations of material fact concerning his intention to work for Exusia pursuant to the terms of the Employment Agreement in order to obtain Exusia's assistance in relocating him to the United States.

68. Darekar knew that his misrepresentations were false, or made the misrepresentation under circumstances in which he ought to have known of the falsity.

69. Darekar intended to induce Exusia into entering into the Employment Agreement and expending time and resources in order to relocate him to the United States by making the misrepresentations.

70. Exusia justifiably relied upon Darekar's misrepresentations by entering into the Employment Agreement and expending time and resources relocating him to the United States.

71. Darekar's misrepresentations to Exusia have directly and proximately caused Exusia to suffer actual damages.

WHEREFORE, Plaintiff, Exusia, Inc. respectfully requests entry of a judgment awarding payment of money damages, costs, and prejudgment interest against Ganesh Gorakh Darekar and in favor of Exusia, Inc. and awarding such further relief as the Court deems just and proper.

Dated: October 14, 2022

139036978.1

Respectfully submitted,

*/s/ W Mason*
W Mason
Attorney for Defendant
Fox Rothschild LLP
West Tower, 777 S Flagler Dr# 1700
West Palm Beach, FL 33401

PRO HAC VICE APPLICATION
FORTHCOMING

Gray Mateo-Harris
Attorney for Defendant
Fox Rothschild LLP
312 N. Clark Street, Suite 1600
Chicago, IL 60654
GMateo-Harris@foxrothschild.com

Erin S. Johnson
Attorney for Defendant
Fox Rothschild LLP
312 N. Clark Street, Suite 1600
Chicago, IL 60654
ESJohnson@foxrothschild.com

Mayra Bruno
Attorney for Defendant
Fox Rothschild LLP
312 N. Clark Street, Suite 1600
Chicago, IL 60654
MBruno@foxrothschild.com

## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2022.

_____
Trevor Silver
President and CEO, Exusia, Inc.

139036978.1